**PELTON GRAHAM LLC**
Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.peltongraham.com

*Attorneys for Plaintiff and the putative*
*FLSA Collective and Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ELIGIO OSORIO-PALMA, Individually and on Behalf of All Others Similarly Situated,** | |
| **Plaintiff,** | **CLASS & COLLECTIVE ACTION COMPLAINT** |
| **-against-** | |
| **PACK-FIVE CORP. d/b/a MINI STAR RESTAURANT, IONNA PAKKOU, ANDROULLA PAKKOU, MARIA PAKKOU, and CHARALAMBOS PAKKOU, Jointly and Severally,** | **Jury Trial Demanded** |
| **Defendants.** | |

Plaintiff Eligio Osorio-Palma (the "Plaintiff"), individually and on behalf of all others similarly situated, as collective and class representative, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1.      Plaintiff worked as a food preparation employee and line cook at Defendants' restaurant located in Queens, New York.  For his work, Plaintiff was not paid minimum wages for

all hours worked and was not paid overtime premiums for hours worked over forty (40) in a given workweek.

2.      Plaintiff brings this action to recover unpaid minimum wages and overtime premium pay owed to him pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq.* Plaintiff also brings claims for failure to timely pay all wages owed and for failure to provide proper wage statements pursuant to NYLL §§ 190 *et seq.* and the supporting regulations.

3.      Plaintiff brings his FLSA claims on behalf of himself and all other similarly situated employees of Defendants and his NYLL claims on behalf of himself and a Federal Rule of Civil Procedure 23 class of all non-management employees working for Defendants during the relevant NYLL limitations period.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7.      On March 20, 2020, New York Governor Andrew M. Cuomo signed Executive Order 202.8 in an effort to stem the spread of COVID-19, which tolls for thirty (30) days "any

specific time limit[s] for the commencement, filing, or service of any legal action, notice, motion or other process or proceeding" under any New York State laws or court procedural rules. The thirty (30)-day tolling period began on March 20, 2020 and continued until April 19, 2020. On April 7, 2020, Governor Cuomo signed Executive Order 202.14, which extended the tolling period to May 7, 2020. Subsequently, on May 7, 2020, Governor Cuomo issued Executive Order 202.28, tolling all statutes of limitations for an additional thirty (30) days through June 6, 2020. On June 6, 2020, Governor Cuomo issued Executive Order 202.38, tolling all statutes of limitations until July 6, 2020. On July 7, 2020, Governor Cuomo issued Executive Order 202.48 tolling all statutes of limitations until August 5, 2020. On August 5, 2020, Governor Cuomo issued Executive Order 202.55, which tolled all statutes of limitations until September 4, 2020. On September 4, 2020, Governor Cuomo signed Executive Order 202.60, which extended the tolling period an additional thirty (30) days to October 4, 2020. On October 4, 2020, Governor Cuomo issued Executive Order 202.67, which extended the tolling period to November 3, 2020. In total, the Executive Orders set forth herein provided for a toll of two hundred and twenty-eight (228) days.

## THE PARTIES

**Plaintiff:**

8.      Plaintiff Eligio Osorio-Palma ("Osorio-Palma") was, at all relevant times, an adult individual residing in Queens County, New York.

9.      Throughout the relevant time period, Plaintiff performed work for Defendants at their restaurant located at 30-02 Steinway St., Astoria, New York 11103.

10.     Plaintiff consents in writing to be party to this action, pursuant to 29 U.S.C. § 216(b), and his consent form is attached hereto.

**Defendants**:

11.     Pack-Five Corp. is an active New York Corporation doing business as "Mini Star Restaurant" ("Mini Star" or the "Corporate Defendant"), with its principal place of business at 30-02 Steinway St., Astoria, New York 11103.

12.     According to the New York State Department of State, Division of Corporations, Pack-Five Corp. was registered on March 24, 1992.

13.     At all relevant times, the Corporate Defendant was and continues to be a "corporation engaged in commerce" within the meaning of the FSLA.

14.     Upon information and belief, Ionna Pakkou ("I. Pakkou") is an owner and operator of the Corporate Defendant.

15.     Upon information and belief, Androulla Pakkou ("A. Pakkou") is an owner and operator of the Corporate Defendant.

16.     Upon information and belief, Maria Pakkou ("M. Pakkou") is an owner and operator of the Corporate Defendant.

17.     Upon information and belief, Charalambos Pakkou ("C. Pakkou" and, collectively with I. Pakkou, A. Pakkou and M. Pakkou, the "Individual Defendants" and, collectively with the Corporate Defendant, the "Defendants") is an owner and operator of the Corporate Defendant.

18.     The Individual Defendants maintained operational control over the Corporate Defendant by overseeing business operations, supervising employees, determining the wages and compensation of employees, establishing the schedule of employees, maintaining employee records, and through possessing the authority to hire and fire employees, including Plaintiff.

19.     The Individual Defendants jointly employed Plaintiff, and all similarly situated employees, by acting in the interest of each other with respect to the employees, paying the

4

employees by the same methods, and sharing control over the employees.

20.     The Individual Defendants participated in the day-to-day operations of the Corporate Defendants and acted intentionally in their direction and control of Plaintiff and the Defendants' other similarly situated employees and are each "employers" pursuant to the FLSA, 29 U.S.C. § 203(d), 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and are jointly and severally liable with the Corporate Defendant.

21.     At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

22.     At all relevant times, Defendants employed, and/or continue to jointly employ, Plaintiff and each of the Collective Action members within the meaning of the FLSA.

23.     At all relevant times, Plaintiff, the opt-in plaintiffs, and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

24.     Upon information and belief, at all relevant times, the Corporate Defendant have had gross revenues in excess of $500,000.00.

## FLSA COLLECTIVE ACTION ALLEGATIONS

25.     Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiff brings his First and Second Causes of Action as a collective action under the FLSA on behalf of himself and the following collective:

> All persons employed by Defendants at any time since July 7, 2018, and through the entry of judgment in this case (the "Collective Action Period") who worked as non-management employees at Mini Star Restaurant (the "Collective Action Members").

26.     A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants'

illegal policies of failing to pay minimum wage for all hours worked and failing to pay overtime premiums for work performed in excess of forty (40) hours each week.  As a result of these policies, Plaintiff and the Collective Action Members did not receive the legally-required minimum wages for all hours worked and overtime premium payments for all hours worked in excess of forty (40) hours per week.

27.     Plaintiff and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

### FED. R. CIV. P. 23 CLASS ACTION ALLEGATIONS

28.     Pursuant to the NYLL, Plaintiff brings his Third through Sixth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and the following class:

> All persons employed by Defendants at any time since November 21, 2014, and through the entry of judgment in this case (the "Class Period") who worked as non-management employees at Mini Star Restaurant (the "Class Members").

29.     The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

30.     The Class Members are so numerous that joinder of all members is impracticable.

31.     Upon information and belief, there are in excess of forty (40) Class Members.

32.     The questions of law and fact common to the Class predominate over any questions solely affecting the individual members of the Class. These common questions include, but are not limited to:

> a.   whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

b.   whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members;

c.   whether Defendants failed and/or refused to pay Plaintiff and the Class Members at least minimum wage for all hours worked each workweek;

d.   whether Defendants failed and/or refused to pay Plaintiff and the Class Members overtime premiums for hours worked in excess of forty (40) hours per workweek;

e.   whether Defendants failed to pay Plaintiff and the Class Members all wages owed for work in a given workweek within seven (7) days after the end of the workweek;

f.   whether Defendants failed to provide Plaintiff and the Class Members with a proper statement of wages with every wage payment as required by the NYLL;

g.   whether Defendants' failure to properly pay Plaintiff and the Class Members lacked a good faith basis; and

h.   whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

33.   <u>Plaintiff's claims are typical of the Class Members' claims</u>. Plaintiff, like all Class Members, was a non-management restaurant employee of Defendants who worked for Defendants pursuant to their corporate policies. Plaintiff, like all Class Members, was, *inter alia*, not paid minimum wage for all hours worked, not paid overtime premium pay for hours worked over forty (40) hours in a given workweek, was not paid all wages owed to him within seven (7) days after

the end of a given workweek, and was not provided proper wage statements. If Defendants are liable to Plaintiff for the claims enumerated in this Complaint, they are also liable to all Class Members.

34. <u>Plaintiff and his Counsel will fairly and adequately represent the Class</u>. There are no conflicts between Plaintiff and the Class Members, and Plaintiff brings this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover his own damages.

35. Plaintiff's counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

36. <u>A class action is superior to other available methods for the fair and efficient adjudication of this litigation</u>.

37. Defendants are sophisticated parties with substantial resources. The individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

38. The individual members of the Class have no interest or capacity to bring separate actions; Plaintiff is unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

<div align="center"><b><u>STATEMENT OF FACTS</u></b></div>

<b><u>Defendants' Restaurant</u></b>

39. Upon information and belief, Defendants have owned and operated Mini Star Restaurant since it opened thirty (30) or more years ago.

40. Upon information and belief, beginning in or around 2017, Defendants owned and operated a food service business called "Mini Star Gourmet and Deli," which was located next

door to Mini Star Restaurant at 38-16 30th Ave., Astoria, NY 11103.

41.     Throughout the relevant time period, the Individual Defendants have owned, operated and managed Mini Star Restaurant through the Corporate Defendant, since in or around 1992.

42.     Upon information and belief, during the relevant time period, Defendant I. Pakkou has been actively involved in the business operations of Mini Star Restaurant and takes an active role in ensuring that the place is run in accordance with his and the other Individual Defendants' procedures and policies.

43.     According to the New York State Liquor Authority, Division of Alcoholic Beverage Control, Defendant I. Pakkou owns the liquor license to Mini Star Restaurant and as such is "responsible for the activities of employees and patrons in all parts of the licensed premises" and is "required to maintain adequate books and records of all the transactions involving [the] licensed business. This includes records recording [the licensee's] employees, whether full or part-time." (*See* State Liquor Authority, Retail Licensees Handbook, at 17).[1]

44.     Upon information and belief, throughout the relevant time period, Defendants M. Pakkou, A. Pakkou and C. Pakkou have been constant presences at Mini Star Restaurant, where they oversee the business operations of the restaurant and take active roles in ensuring that the place is run in accordance with their procedures and policies.

45.     Upon information and belief, at all relevant times, the Individual Defendants have had power over payroll and personnel decisions at Mini Star Restaurant, including the power to hire and fire employees, set their wages, retain time and/or wage records, and otherwise control

---

[1] Available at https://sla.ny.gov/system/files/documents/2019/09/State%20Liquor%20Authority-RetailLicensees%20Handbook_2019_forweb.pdf

the terms and conditions of their employment.

**Plaintiff's Work for Defendants**

46.     **Plaintiff Osorio-Palma** was employed by Defendants as a back of the house employee performing primarily food preparation and line cook duties, from in or around 2000 through in or around October 2020 (the "Osorio-Palma Employment Period").

47.     From in or around 2014 through in or around 2018, Plaintiff typically worked six (6) days per week, with Tuesdays off, from 6:00 am to 2:00 pm or 3:00 pm and sometimes 4:00 pm. In total, during this period, he typically worked between forty-eight (48) and fifty-four (54) hours per week.

48.     From in or around 2019 to on or about March 18, 2020, Plaintiff typically worked six (6) days per week, with Tuesdays off, from 7:00 am to 3:00 pm and sometimes 4:00 pm. In total, during this period, he typically worked between forty-eight (48) and fifty (50) hours per week.

49.     Mini Star Restaurant closed on or about March 18, 2020 due to the COVID-19 pandemic and re-opened in late June or July 2020, at which time Plaintiff returned to work for Defendants.

50.     From in or around July 2020 through October 2020, Plaintiff worked a reduced schedule, typically four (4) hours per day, seven (7) days per week, for a total of approximately twenty-eight (28) hours per week.

51.     From in or around 2014 through in or around 2016, Plaintiff was paid a weekly flat rate of six hundred dollars ($600.00) per week, which he received in cash contained in a pay envelope with no paystub or wage statement.

52.     From in or around 2017 through March 18, 2020, Plaintiff was paid a weekly flat

rate of six hundred and forty dollars ($640.00) per week, which he received in cash contained in a pay envelope with no paystub or wage statement.

53.     From July 2020 through the end of the Osorio-Palma Employment Period, Plaintiff was paid a weekly flat rate of two hundred dollars ($200.00), which he received in check, with no paystub or wage statement.  However, for several weeks during this period, Plaintiff was not paid any wages at all.

54.     Between July and October 2020, Plaintiff received two (2) wage payments in August and two (2) wage payments in September. In or around the end of August, he received six hundred dollars ($600.00) in partial payment for outstanding wages owed to him. When Defendant M. Pakkou paid Plaintiff the six hundred dollar ($600.00) payment, M. Pakkou told Plaintiff, "I know I owe you money, I'll pay you when I get more."

55.     In or around January 2021, months after Plaintiff ended his employment with Defendants, Defendant M. Pakkou called Plaintiff to inform him that Defendants had additional payments for him. Subsequently, Plaintiff went to Mini Star Restaurant and was given eight hundred dollars ($800.00), in the form of four (4) checks in the amount of two hundred dollars ($200.00) each.

56.     At this time, Plaintiff estimates that, in addition to the minimum wage and overtime compensation he is owed throughout his employment, he has not received any wages at all for approximately five (5) weeks of work between July and October 2020.

57.     During the Osorio-Palma Employment Period, particularly from 2019 onward, Plaintiff was not paid the legally-required minimum wages for all hours worked. Throughout the Osorio-Palma Employment Period, Plaintiff was paid a flat weekly rate that did not include overtime premiums consisting of of one and one-half (1.5) times his effective hourly rate for hours

over forty (40) each workweek.

58.     Throughout the Osorio-Palma Employment Period, if Plaintiff was late to work, Defendants deducted ten dollars ($10.00) per shift from his wages, which increased to twelve dollars ($12.00) toward the end of his employment.

59.     At no time did Defendants provide Plaintiff or other employees with any means of tracking their hours worked. Plaintiff believes that he and all other employees were paid according to the posted schedules.

60.     Throughout the Osorio-Palma Employment Period, Plaintiff was required to a wear a uniform that included black and white checked pants, which he was required to purchase, and an apron and t-shirt that were provided to him. Beginning in July 2020, Plaintiff and the other employees were required to clean their uniform items, as Defendants notified them that the company that had previously cleaned their uniforms was closed.

61.     At no time during the Osorio-Palma Employment Period did Defendants provide Plaintiff with wage statements with his weekly payment of wages setting forth his total hours worked, his hourly and overtime rates, his gross wages, or other information required by NYLL § 195(3).

62.     Plaintiff was aware that Defendants' failure to pay minimum wage and overtime premiums and failure to provide wage notices and wage statements were corporate policies that applied to all non-management employees.

**Defendants' Unlawful Corporate Policies**

63.     Plaintiff and the Collective Action and Class Members were all paid pursuant to the same corporate policies of Defendants, including failing to pay minimum wages and overtime premiums.

64.     Plaintiff has spoken with other employees of Defendants who were similarly paid below minimum wage for all hours worked for all or a portion of their employment. Defendants' failure to pay Plaintiff minimum wages for all hours worked is a corporate policy of Defendants which applies to non-management employees throughout the Class Period.

65.     Plaintiff has spoken with other employees of Defendants who likewise did not receive overtime premium compensation for hours worked in excess of forty (40) in a given workweek. Defendants' failure to pay Plaintiff overtime compensation of one and one-half (1.5) times their regular hourly rate for hours over forty (40) each week is a corporate policy of Defendants which applies to non-management employees throughout the relevant time period.

66.     Defendants' policies of paying non-management employees on a "salary" basis rather than an hourly basis after January 1, 2011, violated 12 N.Y.C.R.R. § 146-2.5.

67.     Throughout the relevant time period and, upon information and belief, continuing until today, Defendants have likewise employed other individuals like Plaintiff in positions that require little skill and no capital investment.  Upon information and belief, such individuals were required to work for less than minimum wage and were not paid time and one-half their regular rate when working in excess of forty (40) hours per week.

68.     Upon information and belief, throughout the relevant time period and continuing until today, Defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE**
**(Brought on Behalf of Plaintiff and the Collective Action Members)**

69.     Plaintiff, on behalf of himself and the Collective Action Members, repeats and reallages each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

70.     By failing to pay minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

71.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

72.     Defendants' failure to pay minimum wages for all hours worked caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Therefore, Plaintiff and the Collective Action Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID OVERTIME**
**(Brought on Behalf of Plaintiff and the Collective Action Members)**

73.     Plaintiff, on behalf of himself and the Collective Action Members, repeats and reallages each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

74.     By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated

and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

75.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

76.     Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION
### NEW YORK LABOR LAW – UNPAID MINIMUM WAGE
#### (Brought on Behalf of Plaintiff and the Class Members)

77.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

78.     Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

79.     Defendants' failure to pay minimum wage for all hours worked caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**FOURTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID OVERTIME**
**(Brought on Behalf of Plaintiff and the Class Members)**

80.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

81.     Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

82.     Defendants' failure to pay overtime premium compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon.  Plaintiff and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**FIFTH CAUSE OF ACTION**
**NEW YORK LABOR LAW - FAILURE TO PAY WAGES**
**(Brought on Behalf of Plaintiff and the Class Members)**

83.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

84.     Pursuant to NYLL § 191 and the cases interpreting same, workers such as Plaintiff and the Class Members are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which wages are earned." Thus, Defendants violated NYLL § 191 by failing to pay Plaintiff and the Class Members all of their wages earned within the week

16

such wages were due.

85.     Pursuant to NYLL § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiff and the Class Members, that is not otherwise authorized by law or by the employee.

86.     By withholding wages and overtime compensation from Plaintiff and the Class Members, pursuant to NYLL § 193 and the cases interpreting same, Defendants made unlawful deductions in wages owed to Plaintiff and the Class Members.

87.     Defendants' failure to pay Plaintiff and the Class Members wages of any kind for several hours of work in certain weeks violated NYLL §§ 191 and 193.

88.     Defendants' failure to comply with NYLL §§ 191 and 193 caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants his unpaid wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

<div align="center">

**SIXTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS**
**(Brought on Behalf of Plaintiff and the Class Members)**

</div>

89.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

90.     Defendants have willfully failed to supply Plaintiff and Class Members with an accurate statement of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime

<div align="center">17</div>

rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

91. Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants two hundred and fifty dollars ($250.00) per employee for each day that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective Action Members and Class Members, respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiff and his counsel to represent the Class;

c. An order tolling the statute of limitations;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e.   An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.   An award of compensatory damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g.   An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

h.   Two hundred and fifty dollars ($250.00) per Plaintiff and each of the Class Members for each day that the violations of NYLL, Article 6 § 195(3) occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-d;

i.   An award of prejudgment and post-judgment interest;

j.   An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k.   Such other and further relief as this Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
July 7, 2021

Respectfully submitted,

**PELTON GRAHAM LLC**

By: _____
Brent E. Pelton (BP 1055)
pelton@peltongraham.com
Taylor B. Graham (TG 9607)
graham@peltongraham.com
111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

*Attorneys for Plaintiff and the putative*
*FLSA Collective and Class*

20

**Notice of Shareholder Liability for Services Rendered
Pursuant to § 630 of the Business Corporation Law of New York**

Pursuant to the provisions of § 630 of the Business Corporation Law of New York ("NYBCL"), the ten (10) largest shareholder of **PACK-FIVE CORP.** are hereby notified that the plaintiff in this matter, individually and on behalf of the putative FLSA collective and the Class he seeks to represent, intends to enforce your personal liability, as the ten (10) largest shareholders of **PACK-FIVE CORP.** and charge you with indebtedness of said corporations to the plaintiffs for services performed for the corporations as employees during the six (6) year period preceding the filing of the complaint.

Services for the above-referenced corporations concluded for Plaintiff within the past 180 days.

Dated:  July 7, 2021

_____
Brent. E. Pelton

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Pack-Five Corp. d/b/a Mini Star Restaurant and/or their respective owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees and/or affiliates to pay me overtime wages and minimum wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being **named as the representative plaintiff** in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. I understand that I will be represented by Pelton Graham LLC without prepayment of costs or attorneys' fees. I understand that if plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment first. I understand that my attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendants or approximately 1/3 (33.33%) of my total settlement or judgment amount (including fees), whichever is greater.

_Eligio Osorio Palma_
Signature

_ELIGIO OSORIO-PALMA_
Printed Name

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal en mi nombre y representación en contra de Pack-Five Corp. d/b/a Mini Star Restaurant y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados para que me sean pagados las horas extras y los salarios mínimos tal como lo requieren las normas estatales y/o federales e igualmente autorizo la presentación de este consentimiento en la acción(es) con el fin de debatir la conducta ilegal. Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que, si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos inicialmente de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

_Eligio Osorio Palma_
Firma

_ELIGIO OSORIO-PALMA_
Nombre Escrito

This is a complete and accurate translation of the English "Consent to Become a Party Plaintiff" form above.